UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ISMAEL SILVA,


       Plaintiff,

v.                                                                    CASE NO.  3:13-cv-1452-J-39JBT

B.P. PRODUCTS NORTH AMERICA,
INC. B.P.,


       Defendant.

_____/


**REPORT AND RECOMMENDATION**[1]

    **THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency (Doc. 2), which

the Court construes as a Motion to Proceed *in forma pauperis* ("Motion"), and the

Amended Complaint (Doc. 5).  The Court previously took the Motion under advisement in

an Order dated December 3, 2013 (Doc. 3).  In that Order, the Court observed that

Plaintiff's Complaint (Doc. 1) did not state a claim.  However, in an abundance of caution,

the Court allowed Plaintiff an opportunity to amend.  (Doc. 3 at 2.)  The undersigned has

reviewed Plaintiff's Amended Complaint and still finds that it fails to state a claim.  The

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

undersigned therefore recommends that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

**I.  Background**

**A.  Plaintiff's Original Complaint**

Plaintiff is an inmate at Florida's Columbia Correctional Institution.[2]  He filed his initial Complaint on November 25, 2013. This initial Complaint was virtually identical to several other complaints recently filed by other inmates of the same prison. *See, e.g.*, *Crone v. B.P. Products North America, Inc. B.P.*, Case No. 3:13-cv-1373-J-25MCR; *Funderburk v. B.P. Products North America, Inc. B.P.*, Case No. 3:13-cv-1413-J-34MCR; *Robinson v. B.P. Products North America, Inc. B.P.*, Case No. 3:13-cv-1378-J-34JBT.  All of these complaints contained vague, conclusory, and likely implausible allegations that the plaintiffs were harmed by the 2010 *Deepwater Horizon* oil spill off the coast of Louisiana.  The original Complaint alleged that Plaintiff previously spent a great deal of time engaging in recreational activities such as "hunting, fishing, camping, swimming, and exploring" in Florida's coastal wetlands (now presumably damaged by the oil), and that he "consumed a lot of seafood during the time of the oil spill."  (Doc. 1 at 5.)  Plaintiff also alleged that three years after the spill, in January of 2013, he "started feeling the effects of the oil contaminations, such as hydrocarbon chemicals defined as petroleum-based hazardous toxins[] in his respiratory trac[t]."  (*Id.* at 5–6.)

---

[2]  Plaintiff's record on the Florida Department of Corrections website (http://dc.state.fl.us/ActiveInmates) states that he has most recently been incarcerated since April 24, 2013 and is not scheduled for release until November 10, 2014.  The Court may take notice of such records. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

In its prior December 3 Order, the Court took Plaintiff's Motion under advisement, and allowed Plaintiff an opportunity to amend his Complaint.  (Doc. 3 at 2.)  The Court incorporated and attached Magistrate Judge Monte Richardson's Order in *Funderburk*, which held that Funderburk's allegations of personal injury were "merely speculative and hypothetical" and that "an alleged loss of recreational use of Florida waterways is not a viable claim."  (*Funderburk*, Case No. 3:13-cv-1413-J-34MCR, Doc. 3 at 6.)  Judge Richardson's Order further stated:

> Although the Plaintiff's Complaint references the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, et seq., Plaintiff has not alleged he suffered any economic losses or property damage as a result of the oil spill, and thus he has failed to state a claim under OPA.  In any event, Plaintiff's complaint fails to allege that he has complied with OPA's presentment requirement and presented his claims to the BP-administered claims process.

(*Id.* at 6.)

### B.     Plaintiff's Amended Complaint

Plaintiff has now filed an Amended Complaint.  Plaintiff's allegations in the Amended Complaint differ dramatically from the allegations in the original.  Whereas before Plaintiff alleged that his use of Florida's coastal waterways was recreational, Plaintiff now alleges for the first time that he owned a bait fish business that the oil spill destroyed.[3]    Plaintiff has dropped his allegations concerning adverse health

---

[3] In light of this sudden change of allegations, Plaintiff should take note of Federal Rule of Civil Procedure 11.  Rule 11(b) states that "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support."  The Court may sanction a party who violates Rule 11. *See* Fed. R. Civ. P. 11(c).

consequences of the spill and loss of recreational use of the waterways.   Instead, he

alleges in pertinent part:

> Plaintiff caught and sold bait fish before the oil spill and after
> it until[] the fishermen stopped buying his bait fish and the
> public because of the oil spill from the Deepwater Horizon. . .
> . [T]he Deepwater Horizon spill destroyed his business by
> putting a fear into the public and fishermen to where they
> wouldn't buy his bait fish, because of the oil polluting the
> waters they fished in and eat their seafood out of. [4]

(Doc. 5 at 7–8.)

## II.   Discussion

For the purposes of this Report and Recommendation, the undersigned will

assume Plaintiff is indigent.   Even when a plaintiff is indigent, however, a court receiving

an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if it

determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."   28 U.S.C. § 1915(e)(2)(B).   An action fails to state a claim on which

relief may be granted if it fails to include "a short and plain statement of the claim showing

that the pleader is entitled to relief."   *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227,

1232–33 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)).   The "complaint must

---

[4] Plaintiff has filed this suit in the Jacksonville Division of this Court.   However, Middle District of Florida Local Rule 1.02(c) states that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause."   Plaintiff alleges that his bait fish business was located in Hendry County, which is in the Ft. Myers division.   If Plaintiff decides to refile after compliance with this Order, he should consider whether refiling in the Ft. Myers division is more appropriate in light of Local Rule 1.02(c).   In any event, it appears likely that the case would eventually be referred to the District Court for the Eastern District of Louisiana. *See* In re: *Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, 731 F.Supp.2d 1352, 1356 (J.P.M.L. 2010).

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*   That said, "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Even accepting Plaintiff's allegations as true and adopting the liberal construction the law requires, the undersigned recommends that the Amended Complaint fails to state a claim on which relief may be granted.  Plaintiff's new allegations of loss to his business fall squarely within the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701–62. "OPA is a comprehensive statute addressing responsibility for oil spills, including the cost of clean up, liability for civil penalties, as well as economic damages incurred by private parties and public entities."  In re *Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, 808 F.Supp.2d 943, 959 (E.D. La. 2011).  OPA supplants state law claims.  *See id.* at 951–62 (concluding after extensive analysis that state law cannot apply to economic damages claims resulting from the *Deepwater Horizon* oil spill because the spill originated outside a state's territorial waters).  OPA also supplants claims of negligence against a responsible party under general admiralty law, except for punitive damages.[5]  *Id.*

---

[5] Even claims for punitive damages under general admiralty law must comply with OPA's procedural requirements.  *See Deepwater Horizon*, 808 F.Supp.2d at 962.

However, OPA contains a "mandatory condition-precedent" to filing suit. *Deepwater Horizon*, 808 F.Supp.2d at 965. "Under OPA, a claimant is required to first present a claim to a Responsible Party," in this case, BP. *Id.* at 962; 33 U.S.C § 2713. Only if the claim is not settled within 90 days of this presentment may a Plaintiff file suit. *Id.* The Court lacks jurisdiction to consider an OPA claim absent compliance with this requirement. *Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc.*, 51 F.3d 235, 240 (11th Cir. 1996). "The intent is to encourage settlement and reduce the need for litigation." *Deepwater Horizon*, 808 F.Supp.2d at 960. "Claimants who have not complied with the presentment requirement are subject to dismissal without prejudice, allowing them to exhaust the presentment of their claims before returning to court." *Id.* at 964.

Here, Plaintiff does not allege that he complied with OPA's presentment requirement.  The Court's December 3 Order explicitly referenced the presentment requirement. (*See* Doc. 3-1 at 7 ("Plaintiff's complaint fails to allege he has complied with OPA's presentment requirement and presented his claims to the BP-administered claims process.").)  Thus, the Court need not allow Plaintiff another opportunity to amend. Therefore, even accepting Plaintiff's allegations as true, the Amended Complaint has failed to allege a necessary condition precedent to filing suit, which deprives the Court of subject matter jurisdiction. *Boca Ciega Hotel*, 51 F.3d at 240.  Accordingly, the undersigned respectfully recommends that the Court deny the Motion and dismiss this case without prejudice.[6]

---

[6]  The undersigned is aware that dismissal even without prejudice may eventually present Plaintiff with a statute of limitations problem (although his suit may already be untimely).  *See* 33 U.S.C. § 2717(f)(1)(A).  However, because the presentment requirement is jurisdictional, dismissal without prejudice, rather than holding the suit in abeyance pending completion of the presentment process, is recommended.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  Plaintiff's Motion (**Doc. 2**) be **DENIED**.

2.  The case be **DISMISSED without prejudice**.

3.  The Clerk of Court be directed to close the file and terminate any pending motions.

**DONE AND ENTERED** at Jacksonville, Florida, on January 13, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies furnished to:

The Honorable Brian J. Davis
United States District Judge

Pro Se Plaintiff