UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISMAEL SILVA,

    Plaintiff,

v.                                    Case No: 3:13-cv-01452-J-39JBT

B.P. PRODUCTS NORTH AMERICA,
INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation ("R&R") (Doc. 7) issued by the United States Magistrate Judge recommending that this action be dismissed for failure to state a claim. The R&R was based upon Plaintiff's Affidavit of Indigency (Doc. 2), which the Magistrate Judge construed as a motion to proceed *in forma pauperis*, and Plaintiff's Amended Complaint (Doc. 5). Plaintiff's Amended Complaint arose from an order on December 3, 2013 (Doc. 3), in which the Magistrate Judge observed Plaintiff's initial Complaint (Doc. 1) failed to state a claim upon which relief could be granted and failed to allege compliance with the Oil and Pollution Act of 1990 ("OPA") presentment requirement.

    Plaintiff, who is *pro se*, has not filed an objection to the findings and recommendation of the Magistrate Judge and the time for doing so has passed. Upon independent review of the file, this Court adopts the recommendation of the Magistrate Judge.

The Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions *de novo*. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM029SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

For reasons outlined in the R&R, the Magistrate Judge correctly finds that Plaintiff's allegations "fall squarely within the Oil Pollution Act of 1990." (Doc. 7 at 5-6). As such, the R&R is correct that Plaintiff must comply with OPA's mandatory condition-precedent before filing suit. (Doc. 7 at 6). If Plaintiff failed to comply with the presentment requirement of the OPA, then the Court lacks subject matter jurisdiction. Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., 51 F.3d 235, 240 (11th Cir. 1996). Plaintiff does not allege compliance with the presentment requirement. Thus, the R&R finds that subject matter jurisdiction is lacking. (Doc. 7 at 6). This Court agrees.

Accordingly, it is hereby

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 7) is **ADOPTED** as the opinion of the Court.

2. This action is dismissed without prejudice. The Clerk shall close the file and terminate any pending motions.

**DONE** and **ORDERED** in Jacksonville, Florida this 4th day of March, 2014.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

mw

Copies furnished to:

Counsel of Record
*Pro Se* Plaintiff